1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

9   FRANCISCO JARA,                          CV F   04-6557 DLB HC

10                    Petitioner,            ORDER GRANTING RESPONDENT'S
                                             MOTION TO DISMISS THE PETITION
11          v.
                                             [Docs. 13, 23]
12

13   ROSANNE CAMPBELL, Warden,

14                    Respondent.
     _____/

15

16          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17   pursuant to 28 U.S.C. § 2254.[1]  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to

     the jurisdiction of the United States Magistrate Judge.  Petitioner filed the instant petition for writ
18
     of habeas corpus on October 29, 2004.  Pending before the Court is Respondent's motion to
19
     dismiss, filed August 17, 2005.  Petitioner filed an opposition on October 4, 2005.
20

21                                       BACKGROUND[2]

22          Petitioner is currently in the custody of the California Department of Corrections pursuant

23   to a judgment entered May 3, 2001, in the Superior Court of the State of California, County of

     Stanislaus.  Petitioner pled guilty to violating California Penal Code section 498, subdivision (a),
24

25

26          [1]  In its motion to dismiss, Respondent submits that Rosanne Campbell is the current Warden at Mule Creek
     State Prison, not Scott Kernan.  Therefore, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure
27   Rosanne Campbell is substituted as Respondent.

28          [2]  This information is derived from the petition for writ of habeas corpus and Respondent's motion to
     dismiss the petition.

                                               1

1  receiving stolen property.  He was also found to have suffered one prior felony conviction

2  pursuant to California Penal Code section 667.5, subdivision (b).  The trial court sentenced

3  Petitioner to the determinate state prison term of seven years.  (Lodged Doc. 1.)

4       Petitioner did not directly appeal the sentence.  Petitioner filed, however, eight post-

5  conviction collateral challenges, all petitions for writs of habeas corpus.  The first petition was

6  filed in Stanislaus County Superior Court in case number 1008771 on July 11, 2003, and was

7  denied on July 16, 2003.  (Lodged Docs. 2-3.)  The second petition was filed in the California

8  Court of Appeal, Fifth Appellate District, in case number F043533 on July 28, 2003, and was

9  denied on August 1, 2003.  (Lodged Docs. 4-5.)  The third petition was filed in the California

10  Court of Appeal, Fifth Appellate District, in case number F044214 on November 4, 2003, and

11  was denied on November 6, 2003.  (Lodged Docs. 6-7.)  The fourth petition was filed in

12  Stanislaus County Superior Court in case number 1008771 on November 5, 2003, and was

13  denied on November 18, 2003.  (Lodged Docs. 8-9.)  The fifth petition was filed in the California

14  Supreme Court in case number S120461 on November 14, 2003, and was denied on August 25,

15  2004.  (Lodged Docs. 10-11.)  The sixth petition was filed in the California Court of Appeal,

16  Fifth Appellate District, in case number F044494 on December 12, 2003, and was denied on

17  December 18, 2003.  (Lodged Docs. 12-13.)  The seventh petition was filed in the California

18  Supreme Court in case number S129518 on November 30, 2004, and was denied on February 16,

19  2005.  (Lodged Docs. 14-15.)  The eighth petition was filed in the Stanislaus County Superior

20  Court in case number 1008771 on April 12, 2005, and was transferred to Amador County

21  Superior Court on April 26, 2005.  (Lodged Docs. 16-17.)

22                                                    DISCUSSION

23  A.      Procedural Grounds for Motion to Dismiss

24       Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

25  petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

26  petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing § 2254

27  Cases.

28  ///

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a Respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

C.    Statute of Limitations

1.    Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118 S.Ct. 586 (1997).  The instant petition was filed on December 30, 2002, and is therefore subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review becomes final. Here, Petitioner was convicted on May 3, 2001. Petitioner did not directly appeal his conviction; therefore, direct review ended upon expiration of the 60-day period following the imposition of the sentence in which Petitioner had to file an appeal with the California Court of Appeal, Fifth Appellate District, to wit, July 2, 2001. Cal. Rules of Court, rule 31(a); People v. Mendez, 81 Cal.Rptr.2d, 301, 19 Cal.4th 1084, 969 P.2d 146 (1999). Accordingly, the federal petition was due within one year, no later than July 2, 2002. 28 U.S.C. § 2244(d)(1). Petitioner did not file the instant petition until October 29, 2004, well beyond the one-year statute of limitations.

2.     Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[3] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 120 S.Ct. 1846 (2000); see also Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999). The Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate

---

[3] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See id.

1  level reinforces the need to present all claims to the state courts first and will prevent the

2  premature filing of federal petitions out of concern that the limitation period will end before all

3  claims can be presented to the state supreme court. Id. at 1005. The limitations period, however,

4  will not toll for the time a petition for writ of habeas corpus is pending in federal court. Duncan

5  v. Walker, 121 S.Ct. 2120 (2001).

6          Although Petitioner filed eight collateral actions, as outlined above, the first collateral

7  challenge, which does not contain a proof of service and is undated and unsigned, was filed on

8  July 11, 2003, over a year after the limitations period expired. Because the limitations period had

9  already expired, the collateral challenge had no tolling consequence. Green v. White, 223 F.3d

10  1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations period has

11  already run); see also Webster v. Moore, 199 F.3d 1256 (11th Cir.2000); Rendall v. Carey, 2002

12  WL 1346354 (N.D.Cal.2002). Accordingly, the first petition, as well as the subsequent seven

13  petitions, do not serve to toll the statute of limitations and, consequently, the statute of

14  limitations expired, as indicated above, on July 2, 2002.[1]

15          3.      Equitable Tolling

16          The limitations period is subject to equitable tolling if "extraordinary circumstances

17  beyond a prisoner's control" have made it impossible for the petition to be filed on time.

18  Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), citing Alvarez-Machain v.

19  United States, 107 F.3d 696, 701 (9th Cir. 1996), cert denied, 522 U.S. 814, 118 S.Ct. 60 (1997);

20  (Beeler), 128 F.3d at 1288 (noting that "[e]quitable tolling will not be available in most cases, as

21  extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's

22  control make it impossible to file a petition on time"). "When external forces, rather than a

23  petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the

24  statute of limitations may be appropriate." Id.; Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.

25  1999).

26

27          [1] Respondent further argues that the seventh and eighth petitions fail to qualify to toll the statute of limitations because neither challenges the pertinent judgment or claim raised in the instant federal petition. The Court need not, and does not, address this argument.

28

1      In his opposition, Petitioner contends that defense counsel failed to file a notice of appeal.

2  The failure of counsel to file an appeal on Petitioner's behalf constitutes nothing more than

3  ordinary negligence and is not a circumstance beyond Petitioner's control; as such Petitioner is not

4  entitled to equitable tolling.  See Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir.2001) (stating

5  that neither miscalculation of the limitations period by defense counsel nor negligence in general

6  constitute extraordinary circumstances sufficient to warrant equitable tolling), cert. denied, 535

7  U.S. 1055 (2002); see also Miranda v. Castro, 292 F.3d 1063 (9th Cir. 2002), cert. denied, 537

8  U.S. 1003 (2002).  Further, Petitioner fails to demonstrate why he waited until July 2003 to file

9  his first petition.  As previously stated, pursuant to Rule 31(a) of the California Rules of Court,

10  Petitioner had sixty (60) days from May 3, 2001, i.e. July 2, 2001, in which to file a notice of

11  appeal. Cal.R.Ct. 31(a); People v. Mendez, 81 Cal.Rptr.2d, 301, 19 Cal.4th 1084, 969 P.2d 146

12  (1999).  The fact that counsel may have failed to file a direct appeal does not demonstrate why

13  Petitioner waited until July 11, 2003, over a year after the one-year statute of limitations expired

14  to file a pro se petition for writ of habeas corpus in the state court.  See Miles, 187 F.3d at 1107;

15  Baldayaque v. United States, 338 F.3d 145, 153 (2d Cir. 2003); Valverde v. Stinson, 224 F.3d

16  129, 134 (2d Cir. 2000) ("if the person seeking equitable tolling has not exercised reasonable

17  diligence in attempting to file, after the extraordinary circumstances began, the link of causation

18  between the extraordinary circumstances and the failure to file is broken.")   Accordingly,

19  Petitioner is not entitled to equitable tolling and the instant petition for writ of habeas corpus must

20  be DISMISSED as barred by the one-year statute of limitations.

21  ORDER

22     Based on the foregoing, it is HEREBY ORDERED that:

23    1.        Respondent's motion to dismiss be GRANTED; and

24    2.        The instant action is DISMISSED as barred by the one-year statute of

25                limitations; thus, terminating this action in its entirety.

26    IT IS SO ORDERED.

27  **Dated:   October 17, 2005**                 **/s/ Dennis L. Beck**
    3b142a                                  UNITED STATES MAGISTRATE JUDGE

28